Chief Justice Bibb
delivered the Opinion of the Court.
The damages in the writ, and declaration in covenant, are laid at $150; the verdict and judgment fertile damages, exceed those laid in the writ and declaration. For this the judgment must be reversed. Were this all that is complained of, we would correct the error, by directing the court below, to render judgment for the damages laid in the writ and declaration.
But the pleadings may well create a doubts whether, at the impetration of the writ, any cause of action existed.
Whitlock, as surviving administrator of Radford, declared in covenant upon a writing for the hire of a negro boy, to be clothed and returned, and for the payment of one hundred and twenty-four dollars, on or before, the 25th Dec. next ensuing the date of the covenant. The covenant bears no date, as it would seem from the declaration, or a false date, and therefore the time when the money fell due, is not to be ascertained from the face of the covenant; but lies in averment. The plan tiff in setting out when the covenant was made, leaves a blank, and so in stating when it bears date, but afterwards avers it executed on the first day of January, 1819.
The defendant tendered a pica, in due time, that the covenant was not executed on the first of January, 1819, and that it was not due and payable at the commencement of the suit, and concludes in bar.
The plaintiff objected to the filing of this plea, because it was not sworn to the court sustained the objection.
The plaintiff declares upon the covenant as made by Benjamin Suttles and Joseph Sublett, to Thomas *452 Whitlock and Phoebe Radford, who afterward married Benjamin Suttles, and has since died; and therefore, Whitlock, as survivor, sues. it has been argued that the declaration shews, that the action does not lie, that the covenant was extinguished by the marriage of one of the obligees to one of the obligors, whereby a confusion of creditor and debtor, had taken place. There are strong reasons to infer that the fact is so from the manner of declaring, it does seem as if the death of Phoebe, since her intermarriage was suggested as sufficient to revive the action which had been sleeping during her intermarriage, with Benjamin Suttles. But if the confusion of creditor and debtor, had taken place, the death of the wife could not revive the action on the covenant against the husband.
Intermariage of one of the obligors with one of the obligees extinguishes the debt, and the death of the feme obligee will not revive the action against her husband, and his co-obligor in favor of her co-obligee.
Identity of names appearing in the declaration, is not sufficient to prove the persons the same, and that there was a confusion of debtor and creditor —it must be pleaded.
Plea that the obligation set out in the declaration without a date, but avered to have been made on a certain day, was not then made, but afterwards, on a day so late, that no breach occurred before suit, does not require an affidavit, for it is not in abatement, but bar, and is no non est factum.
*452 But whether in fact, Benjamin Suttles, who is sued, and Benjamin Suttles, who married the obligee, Phoebe Radford, is one and the same person, and not other or different, is matter which lies in plea and averment, and the identity can not he assumed from the. declaration.
The rejected plea, was not a plea of non est factum — and for that cause no oath of verification could have been required. It was not pleaded in abatement, and therefore no oath was required. The cause of rejection was not proper. But if the matter pleaded in bar was in abatement, or insufficient, yet being rejected, a wrong reason assigned by the court for a right judgment, would be no cause of reversal. If the covenant was not payable when the suit was brought, and a wrong date had been avered in the declaration, so as to wake it payable before suit, when the true date would have made it payable after suit brought, the defendant had aright to shew that matter, in bar of that action. In Owen vs. Butler, (1 Ld. Raym. 345;—same case in Comb. 483,) it was adjudged that a plea, to a bond with a condition to pay three several sums, at three several days, that the. defendant had paid the money due at the two first days, and that the third day of payment is not yet come, was properly a plea in bap and not in abatement, A plea in abatement sup *453 poses tbs plaintiff should have a better writ but until the money was due or day of performance had arrived, he was not entitled to any writ.
Leave given both parties to amend their inartificial pleading.
Monroe for plaintiffs.
The plea is not pleaded in an apt and formal manner, neither is the declaration wholly faultless. In exercising a discretion as to the order to be made on the reversal of the cause for excess of damages, we think it most proper to send the cause back, with leave to the plaintiff and defendant to amend their pleadings, if they or either shall ask leave.
Judgment reversed and cause remanded with leave to either party to amend, and for farther proceedings not inconsistent with this opinion.
Plaintiffs in this court, to recover their costs.